SANTIAGO, APPELLANT, *v.* REGISTRAR OF GUAYAMA, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Recording a Voluntary Mortgage with Curable Defect.

No. 335.—Decided November 23, 1917.

MORTGAGE—VOLUNTARY MORTGAGE—ACCEPTANCE—AGENT—CURABLE DEFECT.—According to the provision of article 138 of the Mortgage Law, a voluntary mortgage may be created validly not only by the agreement of the parties

but also by the exclusive act of the owner of the property on which it is imposed, and no showing is required of the acceptance by the person in whose favor the lien is created. For this reason the fact that it was not duly shown in the deed presented in the registry for record that the person appearing therein as the creditor's agent was in fact such agent, is not a curable defect.

The facts are stated in the opinion.

*Mr. Manuel A. Rivera* for the appellant.

The respondent appeared *pro se.*

MR. JUSTICE DEL TORO delivered the opinion of the court.

In this case the owners of various rural properties created voluntary mortgages thereon to secure a certain loan. In the execution of the deed the owners of the mortgaged properties took part in person and the mortgagee appeared by his attorney in fact. The mortgage deed recited that the attorney in fact acted as such by virtue of a public instrument, but this was not copied into the deed, nor was it exhibited with the same when the latter was presented for record in the registry.

The registrar recorded the mortgage deed, but "assigning the curable defect that Florencio Santiago Rivera had not proved that he was the attorney in fact of Mrs. Santiago Rivera." From that assignment of the registrar the present administrative appeal was taken.

In our opinion the appellant is right. See the decisions of the General Directorate of Registries of Spain on the subject:

"* * * according to the provisions of * * * article 138 of the Mortgage Law, voluntary mortgages may be validly created not only by agreement between the parties but by the exclusive will of the owner of the property encumbered by such mortgages and it is not necessary that the acceptance of the mortgagee shall appear." Decision of June 25, 1877.

"* * * in conformity with the provisions of article 138 of the Mortgage Law and the doctrine laid down in the decision of June 25, 1877, it is not necessary that the mortgagee should take part in the execution of the deed, therefore the mortgage involved in the present appeal is also recordable, even supposing that those who

appeared in the name of the Bank of Castilla may not have legally proved their capacity.'' Decision of December 29, 1880.

''* * * in the said decisions the doctrine is laid down that it is not necessary, according to article 138 of the Mortgage Law, that the mortgagee shall be present at the execution of the mortgage deed, it being added in the last decision that the deed is recordable, although the person appearing for the purpose of accepting the mortgage in the name of a creditor corporation may not be properly shown to be its agent.'' Decision of November 28, 1893.

The deed would undoubtedly have been more complete in form if the power of attorney or the necessary part thereof had been transcribed therein, but taking into consideration the nature of the contract entered into, the omission referred to cannot be held to be a curable defect in view of the idea of such ruling under the provisions of the Mortgage Law.

It is true that it has been held repeatedly (see among others the decisions of the General Directorate of the Registries of Spain of November 11, 1880, and January 3, 1893, and the case of *Fano* v. *Registrar*, 15 P. R. R. 313) that the attorney in fact must present the power of attorney in the registry or that the power of attorney or the pertinent clause thereof should be duly included in the deed, but this was in cases in which the registrar had to examine the powers of the attorney in fact in order to ascertain whether or not they were sufficient for the execution of the contract sought to be recorded. In the case now before us the mortgage deed could have been executed and would have been recordable without any intervention whatever on the part of the mortgagee. Therefore, as the registrar was not required to consider the powers of the attorney in fact, he should have recorded the deed without assigning the said defect.

The decision should be reversed as to the part appealed from.

*Reversed.*

Justices Wolf and Hutchison concurred.
Chief Justice Hernández and Justice Aldrey absent.